### FERGUSON v. FERGUSON et al.
### No. 9444.

Court of Civil Appeals of Texas. Austin.
June 14, 1944.

Rehearing Denied July 5, 1944.

Calvin Henson, of Haskell, for appellant.
T. R. Odell, of Haskell, for appellees.

BAUGH, Justice.

Suit by appellant, as plaintiff, against appellees for partition of approximately 150 acres of land in Bell County, Texas, community property of James E. Ferguson, who died intestate in 1876, and his wife, Fannie P. Ferguson, who died intestate in 1915. It was filed in December, 1932, and tried on the 4th amended petition in November, 1943. The original petition sought the appointment of a receiver to preserve the property, collect the rents, sell the property and partition the proceeds.

A receiver was appointed in July, 1934, and he and his duly appointed successor acted continuously thereafter. In October, 1941, A. M. Ferguson, as administrator of the estate of Kate F. Morton, one of the children of James E. and Fannie P. Ferguson, filed an amended petition as administrator also of the estate of his deceased wife, Hallie H. Ferguson, an original plaintiff, wherein, in addition to partition, he sought an accounting of James E. Ferguson of Travis County, Texas, for rents on said property collected by said James E. Ferguson on said property for the years 1924–1927, and to have same charged against his interest in said property. In September, 1943, all parties were order to replead. Pursuant thereto A. M. Ferguson, in his capacities as administrator, filed an extended petition (later being made a party in his individual capacity), seeking recovery against James E. Ferguson of Travis County for rents on said property alleged to have been collected by the latter and converted to his own use for the years 1915 to 1932; and recovery against James E. Ferguson of Travis County, Joe Lee Ferguson and James E. Ferguson of Haskell County of $8,500, expenses alleged to have been incurred by the said A. M. Ferguson in connection with the estate here involved because of the conspiracies against him by and between the three named defendants.

The trial court sustained numerous exceptions to plaintiff's petition, dismissed the jury, and rendered judgment ordering the lands sold, the proceeds therefrom partitioned 4/5 to James E. Ferguson of Haskell County, 1/5 to the estate of Hallie H. Ferguson, and distributed the accumulated rents as follows: 2/5, less $100, to James E. Ferguson of Travis County; 3/10 to Joe Lee Ferguson; 1/10 to A. M. Ferguson, individually; and 1/5 to the estate of Hallie H. Ferguson, of which A. M. Ferguson is administrator; hence this appeal. At the request of A. M. Ferguson in his various capacities, the trial court also filed findings of facts and conclusions of law, and later filed amended and additional findings of facts.

The first contention made by appellant, asserted as proposition I and 9 points thereunder, complains of the action of the trial court in sustaining special exceptions 3 to 35 of Joe Lee Ferguson et al., and exceptions 3 to 33 of James E. Ferguson of Travis County to paragraphs 18 to 55 of the plaintiff's 4th amended original petition. A reading of these paragraphs of said petition discloses that they contain many opinions and conclusions of the pleader, and matters extraneous to the issues involved in this suit. Appellant's brief is confined, however, to pleas of limitation to the asserted claims of appellant, raised by exceptions to his pleadings and sustained by the trial court. These contentions are, in brief, that when James E. Ferguson of Travis County, a cotenant with the other heirs of the common property, collected the rents thereon, he became a trustee, accountable to the other cotenants for their proportionate parts; that he acknowledged such trust; that before a plea of limitation in his favor against them would lie, he must have repudiated such trust, and brought to the knowledge of his trustees such repudiation; and that the burden rested upon the trustee to plead and prove such facts. As general propositions of law it may be conceded that all such contentions are correct. Collins v. Griffith, Tex.Civ.App., 125 S. W.2d 419, writ ref.; 11 Tex.Jur. 462; 42 Tex.Jur. 748 et seq. It affirmatively appears, however, from appellant's petition that he knew as early as 1924 that James E. Ferguson was collecting said rents; that the fraudulent conspiracy alleged to have been entered into between James E. and Joe Lee Ferguson to convert such rents occurred in 1925, and continued thereafter; that appellant knew such facts as early as 1930; that he demanded in writing on September 30, 1930, an accounting by James E., Joe Lee, Alvah, and Grady Ferguson for such rents; and that on July 11, 1934, A. M. Ferguson demanded in writing payment of such rents by James E. Ferguson, "which you have wilfully and definately retained and converted to your own use, belonging to your dead sister's estate and to my wife."

The original petition filed in 1932 contained no allegations nor prayer for any such accounting or rents. In the amended petition, filed October 7, 1941, recovery of rents from James E. Ferguson of Travis County for the years 1924 to 1927, inclusive, was sought for the first time; and in the 4th amended petition on which trial was had, filed September 1, 1943, recovery of rents collected from 1915 to 1932 was first sought.

Obviously the cause of action asserted by the alleged breach of trust by James E.

Ferguson of Travis County sounded in tort and was predicated upon the alleged fraudulent conversion by James E. Ferguson to his own use of the rents so collected by him. Collins v. Griffith, supra. According to appellant's own pleading he knew of such conversion and so notified James E. Ferguson in writing in July, 1934; though no suit therefor was brought until October, 1941. Obviously, therefore, such claim was subject to the pleas of 2 and 4-year statutes of limitation, and the trial court did not err in sustaining such pleas.

■ Under proposition II are set forth 5 points, 4 of which are further subdivided into several numbered sections. They complain of the admission in evidence, offered by appellees, of five exhibits all relating to the estate of Kate F. Morton, for the purpose of showing that that estate had no interest in the property partition. Exhibit No. 1 is copy of an order of the Probate Court of Haskell County, dated July 17, 1940, dismissing and striking from the docket of that court the administration proceeding in the estate of Kate F. Morton; Exhibits 2, 3, and 4 are copies of an arbitration agreement between A. M. and Joe Lee Ferguson, residuary legatees under the will of Kate F. Morton, deceased, the order of the probate court authorizing such arbitration procedure, and the report and award of the arbitrators made in 1933; and Exhibit 8 is a copy of the decree of the District Court of Haskell County, dated October 23, 1933, adopting such report of the arbitrators as the judgment of that court.

Since the death of Kate F. Morton in 1925, her estate has been a prolific source of litigation. It began with a contest of her will. Ferguson v. Ferguson, Tex.Civ. App., 288 S.W. 833; Id., 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. Joe Lee Ferguson was first appointed temporary administrator of said estate, was later removed (Tex.Com.App., 23 S.W.2d 673) and A. M. Ferguson theretofore appointed joint administrator continued as such administrator. A series of lawsuits resulted which continued until further litigation was expressly enjoined by the Court of Civil Appeals at Eastland. See Ferguson v. Ferguson, Tex.Com.App., 23 S.W.2d 673; Ferguson v. Ferguson, Tex.Civ.App., 66 S.W.2d 755; Ferguson v. Ferguson, Tex.Civ.App., 69 S.W.2d 592; Ferguson v. Mauzey, Tex. Civ.App., 69 S.W.2d 597; Ferguson v. Ferguson, Tex.Civ.App., 75 S.W.2d 275; Ferguson v. Ferguson, Tex.Civ.App., 84 S.W.2d 836; Ferguson v. Ferguson, Tex. Civ.App., 93 S.W.2d 513; Ferguson v. Ferguson, Tex.Civ.App., 98 S.W.2d 847; Ferguson v. Ferguson, Tex.Civ.App., 110 S.W.2d 1016; Ferguson v. Haskell Nat. Bank, Tex.Civ.App., 127 S.W.2d 243; Elliot v. Ferguson, Tex.Civ.App., 127 S. W.2d 323; Ferguson v. Ferguson, Tex. Civ.App., 127 S.W.2d 1018 (injunction); Haskell Nat. Bank v. Ferguson, Tex.Civ. App., 155 S.W.2d 427; Farmers & Merchants State Bank v. Ferguson, Tex.Civ. App., 158 S.W.2d 107 (injunction). It was stated on oral argument that 52 suits had been filed involving the Morton estate.

Insofar as Exhibits 2, 3, 4, and 8 are concerned the objections, for the most part, made to them are substantially the same as those heretofore raised in other suits and adjudicated against appellant, and need not be set out in detail nor considered extensively herein. The arbitration award was approved by the probate court in 1933, was also entered as a judgment of the district court in 1933, and upheld by the Court of Civil Appeals at Eastland as a final judgment. Ferguson v. Ferguson, Tex. Civ.App., 93 S.W.2d 513; Ferguson v. Haskell Nat. Bank, Tex.Civ.App., 127 S.W. 2d 242. The same Court of Civil Appeals, which had repeatedly reviewed different phases of the litigation by or between the Ferguson brothers involving the Morton estate, in Haskell Nat. Bank v. Ferguson, Tex.Civ.App., 155 S.W.2d 430 (a permanent injunction against further litigation involving the Morton estate) reiterated its former holding as follows: "Further, the judgments of this court affirming the judgments of the trial courts 'approving the agreement for arbitration and award thereunder had the legal effect of closing the probate administration of the estate of Kate F. Morton, deceased, or to withdraw same from further administration in said court." This same conclusion was reiterated in Farmers & Merchants State Bank v. Ferguson, Tex.Civ.App., 158 S.W.2d 107, 112 (another injunction against such further litigation), wherein practically the same contentions here raised were therein made. The Court of Civil Appeals again reviewed the matter, upheld the action of the probate court of Haskell County in dismissing the administration proceedings in 1940 as being "in harmony with the judgment of this court," and again held that the necessary effect of the approval of the arbitration proceedings was "to remove the property of the estate of Kate F. Morton from the further administration of the

604

probate court * * *." The U. S. District Court held the same thing in United States v. Haskell Tel. Co., D.C., 42 F.Supp. 498. The matters complained of having thus been definitely and specifically foreclosed by final judgments of courts of competent jurisdiction, such judgments are not now open to collateral attack in this proceeding; and the exhibits complained of were admissible to show both that A. M. Ferguson was not authorized to sue as administrator of the Morton estate, and that the original 1/5 interest of Kate F. Morton was no longer an asset of her estate. The failure of the arbitration award to specifically award such interest in the specific property to either or both Joe Lee or A. M. Ferguson does not invalidate it. They were the residuary legatees, under her will, of the estate of Kate F. Morton. Whatever interest Joe Lee Ferguson acquired from said estate under said will he conveyed to his son, James E. Ferguson of Haskell County, who also obtained by sheriff's deed in 1941 whatever interest A. M. Ferguson acquired in said property under Kate F. Morton's will.

We do not deem it necessary to set out nor discuss in detail the many questions sought to be raised in appellant's propositions III, IV, V, and VI, and the numerous "points" thereunder, attacking (a) the action of the trial court in striking out appellant's plea of estoppel against the appellees to urge that the Morton estate had been withdrawn from administration; (b) the exclusion of exhibits tendered in evidence by appellant; (c) the power of the trial court to partition the 1/5 interest which originally belonged to the estate of Kate F. Morton; (d) the constitutionality of Art. 237, R.C.S.1925; and (e) contending that the above discussed judgments of the district court of Haskell County, and of the Court of Civil Appeals at Eastland are invalid. Suffice it to say that all such matters are but an attempt to show that said arbitration award was and is invalid, and constituted an unlawful invasion of the jurisdiction of the probate court; that the 1/5 interest of Kate F. Morton in the property involved still belongs to her estate yet in process of administration, and that A. M. Ferguson is the administrator thereof. Such matters have all been finally adjudicated in the cases hereinabove cited by final judgments rendered therein which have become res adjudicata, and are not subject to collateral attack herein.

The last proposition and "points" thereunder complain of the judgment of the trial court either in favor of or against A. M. Ferguson, individually, on the ground that he was not a party to said suit in that capacity, but only as administrator of the estates of Kate F. Morton and of his deceased wife, Hallie H. Ferguson. Such contention is not only wholly without merit but is foreclosed by the record itself. The record shows that James E. Ferguson of Haskell County and Joe Lee Ferguson filed a petition on November 12, 1943, after the trial hereof began, asking that A. M. Ferguson be made a party individually because the evidence showed that he had an interest in the rents then in the hands of the receiver. His own attorney thereupon signed a written stipulation, filed and made a part of the record in this case, reciting that A. M. Ferguson, individually, had been cited on said petition, and expressly agreeing that the trial court might enter judgment and make his findings of facts and conclusions of law in the case, based on all proceedings had in this cause prior to the time of his being made a party individually. He also made his appeal bond and prosecuted this appeal individually as well as administrator.

We have not undertaken to state nor discuss in detail the numerous points set forth in the brief of appellant, but the foregoing suffices to dispose of the substantial issues raised. Finding no material error which injuriously affects the substantial rights of the appellant, the judgment of the trial court is affirmed.

Affirmed.