**FERGUSON'S ESTATE et al. v.
FERGUSON et al.**

No. 9509.

Court of Civil Appeals of Texas. Austin.

July 18, 1945.

Rehearing Denied Aug. 4, 1945.

See, also, 189 S.W.2d 442.

Alex M. Ferguson, of Howe, for appellants.

T. R. Odell, of Haskell, for appellees.

McCLENDON, Chief Justice.

Appeal by Alex M. Ferguson, individually and in his capacities as (1) temporary administrator of the estate of Hallie H. Ferguson, deceased, and (2) temporary administrator of the estate of Kate F. Morton, deceased, from an order or judgment of the district court of Bell County, in which exceptions and pleas to the jurisdiction were sustained to a motion and the motion dismissed, which motion was filed by appellant in his several stated capacities and sought to annul as void a judgment of said district court rendered December 30, 1943, affirmed by this court June 14, 1944 (181 S.W.2d 601) and writ of error refused for want of merit by the Supreme Court October 11, 1944. The judgment sought by the motion to be set aside as void was in district court No. 20211, a suit to partition a tract of land in Bell County in which it was decreed; that the estate of Kate F. Morton had no interest in the land; that the land was owned one-fifth by the estate of Hallie H. Ferguson, deceased, and four-fifths by James E. Ferguson of Haskell County; that the land be sold by receiver and the proceeds distributed one-fifth to A. M. Ferguson as temporary administrator of Hallie H. Ferguson, deceased, and four-fifths to James E. Ferguson of Haskell County. The decree also adjudicated certain issues relative to accounting for and distribution of rentals on the property not necessary to particularize here. For a history of the litigation and a detailed statement of the issues adjudicated in the judgment of December 30, 1943, and in the appeal therefrom, see our former opinion in 181 S.W.2d 601.

The original motion was filed January 5, 1945, and occupies 80 pages of the transcript, and a supplemental pleading which appellants style "Reply and Memo of Reason to Motion to Vacate Purported Judgments, etc., as Nullities, Void No. 20,-211," of 20 pages was filed March 5, 1945. It would serve no useful purpose to attempt an analysis of these pleadings. As grounds for setting aside the judgment they assert only the grounds which were urged in this court in the appeal from the judgment, all of which grounds were overruled by this court and adjudicated adversely to appellants. The Supreme Court, in refusing for want of merit an application for writ of error, adjudicated the correctness of our judgment in that appeal. Rule 483, Texas Rules of Civil Procedure. It is not necessary to cite authorities upon the elementary proposition that as between the parties to a suit the judgment therein is binding and res judicata of all issues raised and decided in the suit. This rule also extends to all issues which should have been raised whether in fact they were so raised. See Phillips

Pet. Co. v. Trigg, Tex.Civ.App., 157 S.W.2d 411.

The trial court's judgment was therefore correct in sustaining the exceptions and pleas to the jurisdiction and in dismissing the motion.

The order or judgment of the trial court appealed from is affirmed.

Affirmed.