**FERGUSON et al. v. FERGUSON et al.**

**No. 9511.**

Court of Civil Appeals of Texas. Austin.

July 18, 1945.

Rehearing Denied Aug. 4, 1945.

See, also, 189 S.W.2d 441.

T. R. Odell, of Haskell, for relators.

A. M. Ferguson, of Howe, for respondents.

BLAIR, Justice.

By this original proceeding relators, James E. Ferguson and Joe Lee Ferguson, seek to perpetually restrain or enjoin respondent A. M. Ferguson, as follows:

1. From prosecuting cause No. 20211 in the District Court of Bell County, Texas.

2. From prosecuting in any court in the State of Texas any suit, motion, action, or proceeding which has for its purpose or seeks to question, modify, set aside, annul, alter, or interfere with the enforcement of the former judgment of this court in the case of Ferguson et al. v. Ferguson et al., 181 S.W.2d 601, writ of error refused for want of merit.

Since the filing of this proceeding the District Court of Bell County has tried and rendered final judgment in cause No. 20211, from which an appeal has been filed in this court, being cause No. 9509, styled Ferguson et al. v. Ferguson et al., 189 S.W.2d 441, and in which this court has this day rendered judgment against A. M. Ferguson in his various capacities as a party to the suit. Among the defenses or contentions of A. M. Ferguson in said suit is one that our aforementioned judgment in 181 S.W.2d 601, is void, because the court was without jurisdiction of that suit. Such contention we have overruled in the appeal in cause No. 9509, supra. In consequence we deny the application for the injunction in so far as it relates to said cause No. 20211 and on appeal as cause No. 9509.

We grant the injunction, however, restraining and enjoining A. M. Ferguson, individually and in any capacity he may

seek to act, from prosecuting in any court of Texas any suit, motion, action, or proceeding which has for its purpose or seeks to question, modify, annul, set aside, alter or interfere with the execution of our former judgment reported in 181 S.W.2d 601, 604, in which case we reviewed at length the many suits filed by respondent in the courts of Texas concerning the closing of the probate proceedings of the Morton estate, and the disposition of her estate; and particularly with reference to the Bell County property, as follows: "The matters complained of having thus been definitely and specifically foreclosed by final judgments of courts of competent jurisdiction, such judgments are not now open to collateral attack in this proceeding; and the exhibits complained of were admissible to show both that A. M. Ferguson was not authorized to sue as administrator of the Morton estate, and that the original ⅕ interest of Kate F. Morton was no longer an asset of her estate. The failure of the arbitration award to specifically award such interest in the specific property to either or both Joe Lee or A. M. Ferguson does not invalidate it. They were the residuary legatees, under her will, of the estate of Kate F. Morton. Whatever interest Joe Lee Ferguson acquired from said estate under said will he conveyed to his son, James E. Ferguson of Haskell County, who also obtained by sheriff's deed in 1941 whatever interest A. M. Ferguson acquired in said property under Kate F. Morton's will."

In the case of Phillips Pet. Co. v. Trigg, 157 S.W.2d 411, 414, this court cited with approval the rule stated in 26 Tex. Jur. 298, § 492, and held as follows:

"* * * The rule as stated in the latter citation is that such judgment 'is conclusive of all adjudicated claims to the land that were or could have been set up by his adversary, and operates as a perpetual bar to the maintenance by him of any subsequent suit on the same cause of action and in respect of the same subject matter.'

"The relators herein are therefore entitled to the benefits, undisturbed by subsequent suits involving the same subject matter, of the judgment of this court in their favor in the original suit; and this court clearly has the power through writ of prohibition or other appropriate process, not only to preserve and enforce its own judgment, but to secure to the relators the benefits of that judgment. Cattlemen's Trust Co. v. Willis, Tex.Civ.App., 179 S.W. 1115; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663; Adams v. Mitchell, Tex.Civ.App., 86 S.W.2d 884; Reed v. Bryant, Tex.Civ.App., 291 S.W. 605, and cases therein cited."

Our foregoing holding is conclusive of the instant case under the facts. The records before us in the cases involving the several controversies between the Fergusons relating to the will and estate of Mrs. Morton, the pleadings and records before us in this original proceeding, and the answer and brief of respondent A. M. Ferguson thereto, show without dispute that he has by many suits and proceedings attempted to relitigate the same issues or questions as were determined by the many cases cited in our opinion in 181 S.W.2d 601, and by our decision therein. By answer, motions, and other pleadings in cause No. 9509, this day decided by this court, and by proffered records of the proceedings in the Haskell County Probate Court, respondent seeks to again adjudicate the same questions as to the will and estate of Mrs. Morton that have been many, many times heretofore adjudicated against him by the Eastland Court of Civil Appeals, as shown by our opinion in 181 S.W.2d 601; and has attempted by the same methods or proceedings to again raise the same issue in another appeal from a judgment in cause No. 20211, in the District Court of Bell County. The voluminous records offered in these cases and the time required of the courts to dispose of the matters constitute an added burden upon the successful parties to the former judgment of this court in 181 S.W.2d 601, and necessarily interfere with the benefits secured to them by such judgments; and also interferes with the preservation and enforcement of our former judgment in 181 S.W.2d 601. In consequence we grant the injunction as hereinabove stated.

The injunctive relief prayed for is granted in part and in part denied, in accordance with this opinion.

Granted in part and in part denied.