George W. BURKITT, III, Appellant,

v.

Gordon BROYLES, Appellee.

No. 13262.

Court of Civil Appeals of Texas.

Houston.

Sept. 18, 1958.

Rehearing Denied Oct. 30, 1958.

Alton King, Palestine, for appellant.

Franklin C. Williams, Palestine, for appellee.

WERLEIN, Justice.

This suit was filed by appellee, Gordon Broyles, against appellant, George W. Burkitt, III, to partition the surface only of certain lots in the Burkitt, Bordeaux and Wright Addition to the City of Palestine, in Anderson County, Texas. The appellant answered by general denial. Thereafter appellant filed a plea in abatement setting out that the deed records of Anderson County reflected that appellee had an undivided mineral interest in said property in addition to his interest in the surface, and that he had executed to Lion Oil Company an oil, gas and mineral lease cover-

ing his interest, which was in full force and effect; and also that such records reflected that Elizabeth B. Crane held a $\frac{1}{16}$th of an undivided $\frac{95}{288}$ths interest in and to the oil, gas and other minerals that might be produced from the property in question.

The case proceeded to trial to the court without Lion Oil Company and Elizabeth B. Crane being made parties. At the conclusion of the testimony on June 27, 1957, the court in substance announced that the lawsuit was terminated temporarily. Thereafter, on July 29, 1957, the court reopened the case and heard additional testimony with regard to whether Lion Oil Company was a necessary party to the lawsuit. Appellee filed his first amended original petition on July 31, 1957, in which he made Mrs. E. B. Crane a party-defendant and asked for partition of the property in question, both surface and minerals. Mrs. Crane filed an answer, setting out her mineral interest. On October 4, 1957, appellee and appellant, George W. Burkitt, III, and Mrs. E. B. Crane, entered into an agreement to the effect that the mineral interest reserved by Mrs. Crane in her deed to appellee be set aside to her in substantially the same terms and in the same lands as provided in such deed.

On November 6, 1957, the court entered its preliminary decree of partition, ordering the land partitioned among the parties in proportion to their shares or interests as determined by the court. At the request of appellant, the court made and filed Findings of Fact and Conclusions of Law, finding among other things that the lease granted by appellee to the Lion Oil Company had terminated by operation of law and was released and no longer of any force or effect.

Appellant's Points of Error Nos. 1 and 2 are to the effect that the court erred in holding that all parties owning an interest in the land involved were before the court and that the plaintiff and defendants were the sole owners of the land in question. Appellant's Third Point of Error is that the

court erred in concluding that appellee had established his share or interest as an undivided $26\frac{9}{288}$ths of the surface and $411\frac{3}{4608}$ths of the oil, gas and other minerals in, under and upon the land described in the judgment. Appellant's Fourth Point of Error is that the court erred in concluding that the oil, gas and mineral lease dated June 29, 1954, granted by appellee as lessor to Lion Oil Company as lessee was released and was no longer in force and effect. Since all of these Points of Error are closely related, they will be considered together.

■ The law is well settled that before property can be partitioned, all of the joint owners or co-tenants must be made parties to the proceeding. Maxwell's Unknown Heirs v. Bolding, Tex.Civ.App., 11 S.W.2d 814. All owners of the property entitled to possession or having a possessory interest in the land are necessary parties to a partition of land. Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641.

It is appellant's contention that the nine exhibits introduced by appellee upon which appellee relied to establish his interest in the property do not reflect that appellant and appellee and Mrs. Crane are the sole owners of such property.

■ It is our opinion that the oil lease in question terminated prior to the filing of appellee's first amended original petition on July 31, 1957. Such lease, which is defendant's Exhibit No. 1, is dated June 29, 1954, and is for a primary term of 10 years. It provides that if operations for drilling are not commenced on said land or on acreage pooled therewith on or before one year from the date thereof it shall terminate as to both parties "unless on or before such anniversary date Lessee shall pay or tender to Lessor or to the credit of Lessor in East Texas National Bank at Palestine, Texas (which bank and its successors are Lessor's agent and shall continue as the depository for all rentals payable hereunder regardless of changes of ownership of said land or the rentals) the sum of Forty-three and $\frac{43}{100}$ Dollars ($43.43), (herein called rentals, which shall cover the privilege of deferring commencement of drilling operations for a period of twelve (12) months. In like manner and upon like payments or tenders annually the commencement of drilling operations may be further deferred for successive periods of twelve (12) months each during the primary term."

On July 29, 1957, which was one month after Lion Oil Company was obligated to pay a delay rental or commence drilling operations in order to keep the lease in force and effect, the court resumed hearing testimony in the case, and at such time appellee testified that said Lion Oil Company had neither paid him such delay rental nor commenced drilling operations, and that he had not received any letter or statement to the effect that the land involved had been pooled with other land. Mrs. Francis Huffman, assistant cashier of said East Texas National Bank named as depository in said lease, testified that no delay rental was deposited by said Lion Oil Company to the credit of appellee during the period from May 1, 1957 through June 30, 1957. She further testified that she did not find any item of $43.43 deposited to the credit of appellee for the period through June 30, 1957. Appellee's testimony given on July 29, 1957, a month after the date when the delay rental should have been paid or drilling operations should have been commenced, was uncontradicted.

The law is well settled that under the provisions of the lease in question the estate created thereby ceased and reverted to lessor upon failure to drill or pay rentals as required by the terms thereof. Humble Oil & Refining Co. v. Davis, Tex.Com.App., 296 S.W. 285, at page 287; 31–A Tex.Jur., Sec. 161, p. 285.

The trial court found that said lease had terminated by operation of law and was released and no longer in force and effect, and that appellant and appellee and Mrs. Crane were the sole owners of the land

and premises described in the court's judgment. The court's Findings are amply supported by the evidence in the case, although no executed release of the lease in question was introduced in evidence.

■ We are also of the opinion that the court's Finding of Fact No. 3 that the plaintiff and defendants owned the land and minerals in the proportions found by the court is supported by the evidence. Appellee's exhibits filed in the cause made out a prima facie case of ownership of the property in question, both surface and minerals, in the proportions found by the court in its preliminary decree of partition. These exhibits were all introduced in evidence without objection on the part of appellant, with the exception of Exhibit No. 6 which was admitted over appellant's objection. The law is well settled that an objection to the admission of evidence, to be available in the appellate court, must have been timely made. 3–A Tex.Jur., Sec. 166, p. 213.

Appellee's Exhibit No. 1, an ancient document, consists of an affidavit made by one William Broyles, filed for record March 8, 1919, and duly recorded in the Deed Records of Anderson County, Texas. In this affidavit the affiant stated that prior to and on the 25th day of July, 1898, George W. Burkitt, George A. Wright and George W. Bordeaux were the owners of 174 acres of the Jacob Snively League in Anderson County, Texas, fully described in a deed from George W. Bordeaux to William Broyles dated July 25, 1898, and duly recorded, in which deed the said George W. Bordeaux conveyed to William Broyles his undivided 5⁄12ths interest in said 174 acres of land, and that what is known and designated as the Burkitt, Bordeaux and Wright Addition to the City of Palestine is embraced in said 174 acres.

Appellee's Exhibit No. 2, also an ancient document, consists of said deed from George W. Bordeaux to Wm. Broyles conveying his undivided 5⁄12ths interest in said tract of 174 acres. In this deed the grantor recited that the interest conveyed was all the interest he had. Counsel stipulated that the Burkitt, Bordeaux and Wright Addition was also known as the Burkitt, Broyles and Wright Addition.

Appellee's Exhibit No. 3 is a partition deed duly recorded, dated July 29, 1932, which recites that the parties executing the deed were all the heirs of William Broyles and wife, Mrs. C. M. Broyles, both deceased, and that such heirs had entered into a partition agreement dividing all the lands belonging to the estates of both of said parties. By the terms of this deed there was set aside to appellee, Gordon Broyles, an undivided 5⁄12ths interest in certain of the lots in said Addition, and to Leila B. Hamilton an undivided 5⁄12ths interest in other lots in said Addition, the total interest acquired by the said Gordon Broyles and Leila B. Hamilton amounting to an undivided 5⁄12ths interest in all of the land described in the court's preliminary decree of partition. Leila B. Hamilton and husband, J. C. Hamilton, conveyed to appellee, Gordon Broyles, the 5⁄12ths interest partitioned to Leila B. Hamilton, as shown by appellee's Exhibit No. 4. Thus, appellee acquired the George W. Bordeaux 5⁄12ths interest in the property in question.

Appellee's Exhibit No. 5 consists of a deed from Mary W. Barry, a feme sole, to appellee, Gordon Broyles, conveying what the grantor described as her undivided 1⁄6th interest, being the entire interest belonging to the estate of said George A. Wright, Deceased, in the same lots in said Addition "fully described in a Partition deed between the Grantor herein and George A. Wright, Jr., dated November 12, 1948" (appellee's Exhibit No. 8). Thus, appellee acquired the George A. Wright 1⁄6th, or 2⁄12ths, interest in the property in question.

Appellee's Exhibit No. 7 is a partition deed signed by the appellant, George W. Burkitt (also known as George W. Burkitt, III), and defendant, Elizabeth B. Crane individually and as Independent Executrix

of the Estate of G. W. Burkitt, Jr., deceased, wherein it is stated that said parties together are the sole owners of an undivided $5/12$ths interest in the lots in question. The deed recites that ½ of said undivided $5/12$ths interest is owned by the defendant, Elizabeth B. Crane, individually, and the other ½ is owned by the Estate of George W. Burkitt, Jr., deceased. Said deed partitioned said $5/12$ths interest by setting aside an undivided $5/24$ths thereof (an undivided $25/288$ths interest in the lots) to George W. Burkitt, III, and an undivided $19/24$ths thereof (an undivided $95/288$ths interest in the lots) to defendant, Elizabeth B. Crane. This deed is dated August 19, 1941, and is duly recorded in the Deed Records of Anderson County. It in effect set aside to appellant an undivided $25/288$ths of the surface and an undivided $400/4608$ths of the minerals. This is the identical interest set aside and awarded to appellant in the preliminary partition decree.

Appellee's Exhibit No. 6 is a deed from the defendant, Mrs. E. B. Crane, or Elizabeth B. Crane, a feme sole, to appellee conveying all of her undivided $95/288$ths interest in the lots in question subject to a $1/16$th of an undivided $95/288$ths interest in and to the oil, gas and other minerals in, under and upon the lots in question. Thus, appellee acquired an undivided $95/288$ths interest in the surface of said lots in addition to the $7/12$ths ($168/288$ths) interest previously acquired, making a total $263/288$ths undivided interest in the surface. As the owner of $263/288$ths of the surface and under the terms of said deed, appellee became the owner of a total undivided $420/4608$ths mineral interest, less the $95/4608$ths mineral interest reserved by the said Mrs. Crane. This left appellee an undivided $411/4608$ths mineral interest. The preliminary partition decree awarded to appellee and Mrs. Crane, respectively, such interests.

Without going into greater detail, it is the opinion of this Court, after a careful examination of all the exhibits introduced and the evidence, that the court correctly partitioned the property, both surface and minerals, in the proportions set out in the court's judgment. There is nothing in the record to show that any one else owned or had any possessory right to the lots in question, either surface or minerals. In the partition deed between appellant and Mrs. Crane, appellant to all intents and purposes admitted that he had only an undivided $5/24$ths of an undivided $5/12$ths interest in the property. Appellant has not contended in the trial court or in his brief in this Court that he has any greater interest than that partitioned to him in the court's decree. In his plea in abatement filed June 27, 1957, he alleged that the Lion Oil Company and Elizabeth B. Crane had an interest in the property. He did not allege that anyone else had any interest in any of the lots in question. It has been shown hereinabove that the Lion Oil Company did not have any interest in the property at the time the case was concluded and the judgment entered, nor, indeed, at the time that appellee's first amended original petition was filed. Elizabeth B. Crane was made a party to the suit, and her interest in the lots in question was partitioned to her. It is significant that she has not complained of the judgment of the court and is not a party to this appeal.

■ Appellant contends, however, that appellee did not prove common source or a chain of title from the sovereignty. We do not think this was necessary. The suit was brought solely for partition under the governing statutes and rules. Appellant did not file a cross-action in trespass-to-try title. The title to the property was not in dispute. Ordinarily in an action for partition only, title to the property will be presumed. See Harris v. Goodloe, Tex. Civ.App., 58 S.W.2d 156, 158, in which the court stated:

"In an action for partition alone title is assumed. 'Title to land not ordinarily being an issue in proceedings for

partition thereof, the presumption is not that title is an issue but that title is not an issue.' 47 C.J. 421, § 384. In fact a partition, even in kind, does not accomplish any transfer of, or change in, title."

See also Ferguson v. Ferguson, Tex.Civ. App., 189 S.W.2d 880, ref. w. m.

■ Appellee's amended petition complied with Article 6083, Vernon's Ann.Tex. Civ.St., and Rule 756, Texas Rules of Civil Procedure, in setting out the names of the joint owners and the share or interest which the plaintiff and the other joint owners owned in the land partitioned. According to the undisputed statements made in the affidavit of William Broyles, introduced in evidence without objection, there were three joint owners of the 174 acre tract which embraced the Burkitt, Bordeaux and Wright Addition in which the lots partitioned are located. Undisputed recitations in conveyances and partition deeds made by purported heirs without objection on the part of appellant clearly indicate that the original joint tenants of the property in question owned the same in the following proportions, to wit: George W. Bordeaux, an undivided 5/12ths interest; George A. Wright, an undivided 1/6th or 2/12ths interest; and George W. Burkitt, an undivided 5/12ths interest. The exhibits introduced by appellee sufficiently show that appellant, appellee and Mrs. Crane as joint tenants own the lots in question, or an interest therein under one or more of the original joint tenants, in the proportions found by the court. The recitations made in several of the exhibits are further supported by a presumption that the grantors in such deeds were undertaking to convey only what they actually owned. It will be presumed that a person would not have executed a deed to land he did not own, and that in the absence of evidence to the contrary a cotenant would not attempt to convey more than his individual interest. 17 Tex.Jur. Sec. 79, Evidence, pp. 289–290.

The judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing.

■ We have carefully considered appellant's motion for rehearing, on all of its points, and are still of the opinion that the trial court's Findings of Fact are amply supported by the evidence adduced. Appellant has very forcefully argued that following the "unless" clause in Paragraph 5 of the lease in question, it is provided that "the payment or tender of rental under this paragraph * * * may be made by check or draft of the Lessee mailed or delivered to Lessor or to said bank on or before the date of payment." Appellee at the trial a full month after the date when the rental check or draft should have been mailed or delivered in order to constitute payment or tender of the rental, testified that he had not received delay rentals in 1957 and that no drilling operations had been commenced. When asked if he knew of his own knowledge whether or not Lion Oil Company tendered or deposited in the East Texas National Bank rental for the lease, he answered in the affirmative, and added that he had never received any deposit slips. The undisputed testimony of the assistant cashier of said bank was quite definite. She had examined the records of the bank for a period extending beyond the date of payment or date of mailing and found no item of delay rental. She testified fully a month after the date of payment and was subjected to cross-examination.

There is no assignment by appellant that the court's Finding of Fact No. 5 to the effect that the lease in question had terminated by operation of law, was released and no longer in force or effect, is unsupported by the evidence or is against the great weight and preponderance of the evidence. Notwithstanding such fact, we have considered such Finding in the light of the evidence. We think that under the testimony of appellee and that of the assistant cashier, coupled with the presumption of

the failure to mail arising from nonde-
livery, a fact issue was raised for the
court's decision and that such decision finds
support in the evidence. Border State Life
Ins. Co. v. Noble, Tex.Civ.App., 138 S.W.
2d 119, dism., judgm. correct.

Motion for rehearing is overruled.