## PENIX v. SLOAN et al.

(Circuit Court of Appeals, Fifth Circuit. December 4, 1924.)

No. 4278.

1. **Trial** ⊜⇒76—Responsive answer admissible where question is not objected to.

It is not error to overrule an objection to a statement by a witness which was responsive to a question not objected to.

2. **Evidence** ⊜⇒179(1), 186(6)—Parties held entitled to prove signature to deed not produced and not in their possession; tracing of signature to deed held admissible as secondary evidence.

Where the genuineness of the signature to a deed was in issue, and the deed was not produced, and it did not appear that it had ever been in the possession of plaintiffs, it was permissible for them to prove the appearance of the signature by secondary evidence, and for that purpose a duly authenticated tracing of it was admissible.

3. **Evidence** ⊜⇒343(3)—Certified copy of record of deed held admissible under statute.

Under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 7749, providing that in trespass to try title "it shall not be necessary for the plaintiff to deraign title beyond a common source, and proof of a common source may be made by the plaintiff by certified copies of the deeds showing a chain of title to the defendant emanating from and under such common source," certified copies of the record of such deeds are admissible.

4. **Trespass to try title** ⊜⇒40(4)—Burden of proof of genuineness of deed, stated.

Under the provision of Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 7749, that a certified copy of a deed in defendant's chain of title, introduced by plaintiff in trespass to try title for the purpose of showing a common source of title, shall not be evidence of title in defendant unless offered in evidence by him, and article 3700, providing that any instrument duly recorded shall be admitted in evidence without proof of its execution unless the opposite party or some one for him shall file an affidavit stating that he believes such instrument to be forged, where a plaintiff files such affidavit in relation to a deed in defendant's chain of title, the subsequent introduction of a certified copy of such deed by plaintiff for the sole purpose of showing a common source of title does not relieve defendant of the burden of proving its genuineness.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action at law by Hyman J. Sloan, administrator of the estate of Isaac Sayles, deceased, and others, against W. H. Penix. Judgment for plaintiffs, and defendant brings error. Affirmed.

Alfred McKnight, of Fort Worth, Tex. (T. P. Perkins, of Mineral Wells, Tex., Alfred McKnight, of Fort Worth, Tex., Penix, Miller & Perkins, of Mineral Wells, Tex., and Capps, Cantey, Hanger & Short, of Fort Worth, Tex., on the brief), for plaintiff in error.

R. E. Taylor and J. L. Lackey, both of Wichita Falls, Tex. (Taylor & Taylor, of Wichita Falls, Tex., H. M. Muse, of Henrietta, Tex., and Will C. Austin, of Fort Worth, Tex., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. The defendants in error, the heirs at law of Isaac Sayles, deceased, and the administrator of his estate, recovered judgment in an action of trespass to try title to described land, such a suit being the substitute under the law of Texas for the common-law action of ejectment. The answer of the plaintiff in error to the petition showed that he claimed the land under an alleged deed of said Isaac Sayles to J. L. Hynote dated January 29, 1920, and filed for record on or about February 17, 1921, in the county in which the land sued for is located. The respective parties are herein referred to as plaintiffs and defendant.

In the trial of the case the following was disclosed: At least three days before the commencement of the trial, the defendant filed among the papers of the suit a certified copy of a recorded instrument purporting to be a deed to the land in question by Isaac Sayles to J. L. Hynote, that instrument bearing date January 29, 1920, and purporting to have been acknowledged before W. B. Hale, a notary public, and filed for record on February 17, 1921; and the plaintiffs, within three days before the trial, filed an affidavit of their counsel, stating that he believed such instrument to be a forgery. Said W. B. Hale died about February 11, 1920. Isaac Sayles died on June 7, 1920. The defendant claimed under an alleged deed to him from J. L. Hynote dated December 27, 1921. There was no evidence tending to prove that Hynote was in possession of the land at any time. The land was in possession of Isaac Sayles during his lifetime under a deed to him which purported to convey a fee-simple title. At the time of the alleged purchase of the land by the defendant from Hynote, the land was in the possession of a tenant under a rental contract with the administrator of the estate of Isaac Sayles. The original of the alleged deed to Hynote was not produced.

Hynote was not a witness in the case, and there was evidence tending to prove that he could not be located. The defendant introduced in evidence a certified copy of the alleged deed of Isaac Sayles to Hynote, the deed of Hynote to defendant, and testimony relied on to prove a sale of the land by Isaac Sayles to Hynote. The defendant assigns as errors rulings of the court on objections to evidence and in giving and refusing instructions to the jury.

M. B. Saucier, a witness for the plaintiffs, testified to the following effect: I lived at Graham, Tex., for about five months, during which time I was engaged in the abstract business, abstracting titles in that county. It was my business to visit the clerk's office every day and make a note of instruments that had been filed. While I was there in the abstract business, I took a note of a deed from Isaac Sayles to J. L. Hynote. I made a tracing of the signature on that deed, the signature of Isaac Sayles. That is, I laid a carbon on a card and took an instrument and drew an outline of it with a stencil. I simply traced the signature that was written on the deed with a sharpened piece of wood. I made a careful tracing of the signature on the deed. The tracing that I made of that signature of Isaac Sayles on the deed from Sayles to Hynote was a correct fac simile of the signature of the deed.

[1, 2] Following the statement in the bill of exceptions of the above set out testimony of the witness, the bill of exceptions shows that counsel for defendant said: "We object to that as the opinion and conclusion of the witness, this last answer. Let him testify to what he did." The defendant excepted to the action of the court in overruling that objection. It may be presumed, the contrary not appearing, that the answer of the witness which was objected to was in response to a question which indicated that the answer made by the witness was such a one as the propounder of the question desired or expected. The court is not chargeable with error in overruling an objection to a statement by a witness which was responsive to a question which was not objected to. Upon the plaintiffs offering in evidence the card containing the traced signature of Sayles as made by the witness Saucier, the defendant objected thereto. We are of opinion that the court did not err in overruling that objection. The tracing was evidence similar to a photograph of the signature. It not appearing that the original of the instrument bearing that signature was ever in the possession of the plaintiffs, and such original not being produced in the trial, and the genuineness of the signature being in issue, it was permissible for the plaintiffs to prove the appearance of that signature by secondary evidence, and in that way to furnish a basis for a comparison of the fac simile of the signature with proved or admitted genuine signatures of the person whose name was signed to the instrument in question.

[3] The plaintiffs offered in evidence, for the sole purpose of showing common source of title, a certified copy of the above-mentioned recorded instrument purporting to be a deed from Isaac Sayles to J. L. Hynote. The defendant objected to that evidence for the reason that the instrument offered appears to be a certified copy of the record. The court overruled that objection. That the evidence was not subject to objection on the ground stated is demonstrated by the following Texas statute:

"It shall not be necessary for the plaintiff to deraign title beyond a common source, and proof of a common source may be made by the plaintiff by certified copies of the deeds showing a chain of title to the defendant emanating from and under such common source; but before any such certified copies shall be read in evidence they shall be filed with the papers of the suit three days before the trial, and the adverse party served with notice of such filing as in other cases; provided, that such certified copies shall not be evidence of title in the defendant, unless offered in evidence by him; and the plaintiff shall not be precluded from making any legal objection to such certified copies, or the originals thereof, when introduced by the defendant." Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 7749.

Furthermore, the defendant could not have been prejudiced by the admission of evidence of a fact which was alleged in his own answer to the petition in the suit.

[4] The court refused to give the following instruction to the jury requested by the defendant:

"In this case, you are instructed that you will return a verdict herein in favor of the defendants, unless you find and believe from the evidence that the deed, of date January 29, 1920, purporting to be from Isaac Sayles to J. L. Hynote, was not executed by the said Isaac Sayles or with his authority, and in this connection you are charged that the burden of proof is upon the plaintiffs to

show by a preponderance of the evidence that said deed was not executed by said Isaac Sayles, or with his authority."

The oral charge of the court to the jury contained instructions to the effect that the burden was on the defendant to prove that the recorded instrument purporting to be a deed from Isaac Sayles to J. L. Hynote was actually executed by Isaac Sayles. The just-mentioned rulings are assigned as errors. The above set out statute and the following one have a bearing on the questions so raised:

"Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court, and which has been, or hereafter may be, so recorded, after being proved or acknowledged in the manner provided by the laws of this state in force at the time of its registration, or at the time it was proved or acknowledged, or every instrument which has been, or hereafter may be, actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this state without the necessity of proving its execution, provided, no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten years; provided, that the party to give such instrument in evidence shall file the same among the papers of the suit in which he proposes to use it at least three days before the commencement of the trial of such suit, and give notice of such filing to the opposite party or his attorney of record; and unless such opposite party, or some other person for him, shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument of writing to be forged. And, whenever any party to a suit shall file among the papers of the cause an affidavit stating that any instrument of writing, recorded as aforesaid, has been lost, or that he cannot procure the original, a certified copy of the record of any such instrument shall be admitted in evidence in like manner as the original could be. And after such instrument shall have been actually recorded as herein provided for a period of ten years, it shall be no objection to the admission of same, or a certified copy thereof, as evidence, that the certificate of the officer, who took such proof or acknowledgment, is not in form or substance such as required by the laws of this state; and said instrument

shall be given the same effect as if it were not so defective." Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 3700.

The provision of the above-quoted article 7749 is quite explicit to the effect that it shall not be necessary for the plaintiff to deraign title beyond a common source, that proof of a common source may be made in the manner adopted by the plaintiffs in this case, and that certified copies so offered in evidence shall not be evidence of title in the defendant, unless offered in evidence by him. Under the terms of the last-quoted statute, the above-stated filing in behalf of the plaintiffs of the affidavit as to forgery had the effect of keeping the certified copy of the instrument in question from being evidence of its due execution. In behalf of the defendant the decision in the case of Hamer v. Sanford (Tex. Civ. App.) 189 S. W. 343, is relied on as supporting the proposition that an effect of the introduction in evidence by the plaintiffs of a certified copy of the instrument in question for the purpose of showing common source of title was to put on the plaintiffs the burden of proving that that instrument was not executed by Isaac Sayles, or with his authority. The report of that cases does not indicate that the evidence in it raised any question as to the effect, under the above-quoted article 7749, of the introduction in evidence, for the purpose of proving common source of title, of a certified copy of an instrument. So far as appears, no certified copy of any instrument was offered in evidence in that case. The opinion in that case explicitly recognizes the rule that evidence offered by the plaintiff to prove common source cannot be considered as evidence of title in the defendant unless offered by him. The fact that the certified copy of the instrument purporting to be a deed to Hynote was offered by the plaintiffs for the sole purpose of showing common source of title makes the provision of article 7749 applicable, and keeps the instant case from coming within any recognized exception to the rule stated in the opinion in the cited case. No Texas decision to which we have been referred furnishes any support for the proposition in question. We think it would be in the teeth of the plain terms of the statute to hold that the offer in evidence by the plaintiffs of a certified copy of the questioned instrument, for the sole purpose of showing common source of title, had the effect of putting on the plaintiffs the burden of proving that the instrument was not executed by the person whose name

was signed to it. In the situation disclosed the burden was on the defendant to prove the due execution of an instrument which was a link in the chain of title under which he claimed from the common source, the plaintiffs having adduced prima facie evidence of title in themselves from such common source. The rulings under consideration were not erroneous.

The defendant complains of the failure and refusal of the court to submit to the jury the question whether the plaintiffs were or were not estopped to deny or controvert the asserted claim of the defendant to the land sued for. No evidence adduced tended to prove that the plaintiffs had done or omitted to do anything having the effect of so estopping them. There was nothing in the evidence to indicate that the defendant, in making his purchase from Hynote of the land in question when it was in the open possession of a tenant holding under the administrator of the estate of Isaac Sayles, deceased, was influenced by any act or omission of the plaintiffs furnishing any basis for an inference that they acquiesced in a claim by Hynote that he was owner of the land sued for. The possession of the land sued for at the time of defendant's dealing with Hynote indicated that the land was then held adversely to Hynote. The court did not err in making the last-mentioned ruling.

The conclusion is that the record shows no reversible error.

The judgment is affirmed.