**BAKER v. CORSE.**

No. 13802.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 7, 1938.

Rehearing Denied Nov. 11, 1938.

Austin F. Anderson and Lester C. Boone, both of Fort Worth, for appellant.

Dawson H. Davis and Homer B. Green, both of Fort Worth, for appellee.

BROWN, Justice.

This is a personal injury action brought by appellee against appellant. Appellee alleged that appellant negligently parked his automobile, on a certain street, where there was a perceptible grade, and left same unattended and without having set the brakes, in violation of a certain city ordinance passed by the City of Fort Worth, Texas, in whose corporate limits the act occurred, and that the automobile rolled down the street and crashed into appellee's vehicle, which was standing where it had the right to be, and inflicted upon appellee serious bodily injuries.

The cause was tried to a jury, and, on the issues submitted, the jury found that appellant left his car at the place in question, unattended and without having set his brakes; that such negligence was a proximate cause of the collision; that appellant failed to give any signal or warning to appellee; that such failure was negligence; that same was a proximate cause of the collision; that appellee was damaged in the sum of $1,500; and that the accident in question was not unavoidable.

Motion for new trial having been seasonably filed and overruled, the appeal was taken by defendant below and appellant here, on the judgment rendered in favor of appellee.

Eight propositions are presented in appellant's brief that may be classed in four divisions.

The first, second and third assert that the trial court erred in not granting appellant's motion for an instructed verdict, which was presented when appellee rested his case.

■ There is no merit in the propositions and the assignments of error out of which they grew, because appellant did not rely upon his request for an instructed verdict and chose to introduce evidence in defense of appellee's cause of action. 41 Texas Jurisprudence 965, para. 185, and cases cited.

. The fourth, fifth and sixth propositions are bottomed on the contention that the uncontradicted evidence disclosed that appellant's car would not have rolled down the street on which it was parked and then have turned into the street where appellee and his vehicle were standing if appellant's car

had not been interfered with by an unknown, third person; and that the finding of the jury is therefore contrary to the undisputed evidence—that no causal connection between appellant's acts, even if negligent, is shown, and the trial court should have granted a new trial.

We do not believe there is any merit in the contentions.

Appellant introduced a witness on whom he was intending to make a call, in connection with his business, and this witness testified that she was looking out of a window on the second story of her home and saw appellant's car start rolling down the street. That some strange and unknown girl, in her "teens", jumped on the running board of the car, and reached through the window on the car door and grasped the steering wheel, but she fell from the car and then arose and jumped on the running board again and repeated her former conduct, thereby turning the car so that it ran down to the intersection of the two streets and turned on down the street (where appellee and his vehicle were), and that she fell from the car a second time; got up and watched the car roll away and someone came along in another vehicle and picked her up, and witness has never seen the girl since.

This witness testified that after watching the car and the incident related she went downstairs to see appellant.

Now, appellant, in giving his version of the incident, testified that he parked the car across the street from this witness' house and proceeded to climb the steps, going up the embankment in front of the house; that he heard a noise and turned and saw his car going down Northwest 24th Street, and no one was in the car. He further testified that when he first saw his car it was some 60 or 70 feet from the intersection of Lee Avenue (on which he had parked it, facing north) and said 24th Street.

It is apparent that appellant did not see this unknown girl, about whom his witness testified. How he could have failed to see her and the performance detailed by his witness is not explained, nor is it accounted for by any facts or circumstances.

■ Appellant did not request and the trial court did not submit to the jury any issue on the question of the interference with the car by this unknown girl. Whatever there was in the testimony that could be of benefit to appellant is found in the

definition of "proximate cause" and of "a new and independent cause" given in the court's charge.

If the acts of the unknown girl could be said to constitute a new and independent cause, the verdict of the jury is tantamount to a finding that the car was not interfered with by any such unknown person.

Under the facts, circumstances and testimony adduced before the jury, such a finding was within the province of the jury.

But we do not believe that, even if it were indisputably established that this unknown girl did the things with which the witness charged her, such would, under the facts and circumstances of this case, be a new and independent cause of the event out of which this suit grows. We believe such would be a mere concurring cause.

One who parks an automobile at a place where the ground is not level, and fails to set his brakes, ought to reasonably anticipate that the car may or will be set in motion by its very weight (even if there were no wind blowing, as was testified to here), and he ought to reasonably foresee that if someone is nearby, or present, and sees the car rolling away, unattended, such person may, or in all probability would, attempt to stop the car. That, to us, presents what is meant by "a natural and continuous sequence."

Such a person ought to have reasonably foreseen that his car, if set in motion, unattended, would be a dangerous instrumentality that would, in all probability, injure some person, or thing.

We find no break in the causal connection between the negligent acts of appellant and the acts of the unknown person.

The seventh proposition attacks the verdict and judgment for $1,500, as excessive. We find no merit in the contention.

The testimony concerning appellee's injuries, his three broken ribs; his being knocked unconscious; and his physical suffering, during which time he lost five weeks from his labors; all sustain the verdict.

The eighth proposition complains of a portion of the charge which defines the term "preponderance of the evidence." The court defined such term as meaning "the greater weight of the credible testimony introduced before you." Sunlite Co.,

Manufacturers, v. Justice, Tex.Civ.App., 257 S.W. 579.

The assignments of error are overruled, and the judgment is affirmed.