## ELDREDGE v. GODWIN.

### No. 14748.

Court of Civil Appeals of Texas. Dallas.

Nov. 13, 1953.

Rehearing Denied Dec. 11, 1953.

Whitten & Coleman, Denton, for appellant.

Joe A. Keith and Warner Evans, Sherman, for appellee.

CRAMER, Justice.

This was an action filed in the District Court by W. J. Godwin, purchaser, as plaintiff, against John Q. Eldredge, seller, as defendant, for specific performance of a real estate sales contract dated Nov. 8, 1951, duly acknowledged before a notary public by both parties. Omitting formal parts, the contractual provisions of the instrument are as follows:

"Seller has agreed and by these presents does agree to sell to Purchaser $18\frac{9}{25}$ths of the Otis Eldredge farm of 175 acres, more or less, located about 2 miles East of Sadler, in Grayson County, Texas, with all improvements thereon situated, less an undivided one-half interest in the minerals, for the sum of $60 per acre for the interest sold, and purchaser agrees to purchase the said property for the said sum of money.

"Seller agrees to furnish a complete abstract of title to the said property within a reasonable length of time, and purchaser shall have a reasonable length of time in which to have the said title examined, and seller shall thereafter have a reasonable

length of time in which to cure any defects in the said title. Seller agrees to furnish a good, merchantable title to the said property.

"Purchaser has this day made a deposit of $500.00 to seller and he agrees to pay the balance of the purchase price upon approval of title and delivery of deed to him. In the event of title failure, the said deposit is to be returned to purchaser and this contract shall be of no further force and effect.

"Purchaser shall have constructive possession of the property delivered to him as of the date of closing."

Eldredge answered by special exceptions, general denial, special denial as to ownership of the farm by Otis Eldredge, and alleged, material to this appeal: (a) the description in the asserted contract was and is so vague and indefinite that the same is wholly incapable of construction and wholly void; (b) that Godwin wholly failed to make the $500 deposit called for in the contract; therefore the contract is unenforceable; (c) that he, Eldredge, is the owner of an undivided %25ths undivided interest and his wife Dora is the owner of a %25ths undivided interest in the land in question, and that same constitutes the homestead of Eldredge and his wife; (d) that the recording of the contract constituted a cloud on his title; (e) that Godwin failed and refused repeatedly to comply with the terms of the contract; in that it was the intention of the parties that the seller retain ½ of the minerals which Godwin well knew, and he is not now willing to comply with such agreement; therefore is not entitled to specific performance of the contract as prayed for. In cross-action he plead a count in trespass to try title and a count for $10,000 damage because of a loss of a sale of the property for $16,000 caused by Godwin's clouding of his title.

Godwin answered such pleading by special exceptions, general denial, and specially denied the property was the homestead of Eldredge, or of his wife. The trial court overruled all exceptions and after a trial to the merits, without a jury, entered judgment against Eldredge ordering him to execute and acknowledge a deed conveying an undivided 18/25ths interest in the land in question to Godwin, and also providing that the judgment, if Eldredge failed or refused to execute the deed, should operate ipso facto as said conveyance. From that judgment Eldredge has fully perfected this appeal and here briefs three points in error.

Point 1, in substance, asserts the description of the land in the contract is vague, indefinite, ambiguous, and attempts to describe an undefined portion of a larger tract; and that it was therefore error for the court to substitute a new description for the one in the written agreement.

Evidence introduced on the trial before the court without objection was that the farm in question was owned by Otis Eldredge, now deceased, for a number of years prior to his death; that Otis Eldredge was the father of John Q. Eldredge and that upon Otis Eldredge's death, John Q. inherited an undivided interest in such farm; that John Q. Eldredge later acquired an additional undivided interest so that at the time of the execution of the contract here involved, he owned an undivided 18/25ths interest in the "Otis Eldredge Farm"; that the 7/25ths interest not owned by John Q. Eldredge was owned by another son of Otis Eldredge, deceased, a brother of John Q. Eldredge; that the farm in question, from the time Otis Eldredge bought it down to the present time, has been generally known in the community in which it was located as the Otis Eldredge farm.

■ Our statute of frauds, Vernon's Ann.Civ.St. art. 3995, requires that in describing land in a sales contract, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land may be identified with reasonable certainty. Extrinsic evidence can be used only for the purpose of identifying the land with reasonable certainty from the data in the contract. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d

150 (opinion adopted by Supreme Court), and cases there cited.

■ Point 1 also asserts that the portion of the land covered by the contract is not set out; that is, whether it is a certain definite identifiable part of the 175 acres more or less tract, or an undivided interest in the whole. The correct rule applicable here, we believe, is correctly stated in 26 C.J.S., Deeds, § 30, subd. c, p. 216, as follows:

> "A deed conveying part of a tract must contain a description of the part intended so as to identify that part definitely. However, where there is no attempt to locate the part intended, the deed may be construed to convey an undivided interest in the larger tract; * * *."

■ The portion of the "Otis Eldredge farm" of 175 acres more or less to be conveyed by the contract is an $18\frac{2}{25}$ths undivided interest, and is, we believe, sufficiently described as such in the written contract. The oral evidence shows the parties knew the land covered by the contract, and there is no evidence of a contrary intention by either party. Point 1 is overruled.

■ Point 2 in substance asserts that proper tender was not made as required by the contract. The consideration expressed in the contract is $60 per acre for $18\frac{2}{25}$ths of the Otis Eldredge farm of 175 acres, more or less, located about two miles east of Sadler in Grayson County, Texas, less an undivided ½ interest in the minerals. The evidence in the case shows the farm had been surveyed and the exact number or acres therein was 175 acres. The contract price of the land was $60 per acre for the interest sold. The interest sold was $18\frac{2}{25}$ths of 175 acres which, at $60 per acre, totaled $7,560; the exact amount tendered. Under no construction of the contract could we construe the contract to mean $60 per acre for the whole 175 acres. Point 2 is overruled.

■ Point 3 asserts appellee had the burden of pleading and proving that the "Otis Eldredge farm" was properly described by metes and bounds; and having relied on the written contract only, and having failed to allege parol evidence was necessary to establish the metes and bounds, description of the farm, the trial court erred in overruling defendant's exceptions and permitting parol evidence thereon, and in substituting the description proved by parol evidence and not by the terms of the instrument itself. Citing 17 C.J.S., Contracts, § 535, p. 1159; Bryant Co. v. Hamlin Independent School Dist., Tex.Civ. App., 18 S.W.2d 750; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

Appellee plead the description of the land covered by the contract as follows: " 'The Otis Eldredge farm of one hundred seventy-five (175) acres, more or less, located about two (2) miles East of Sadler in Grayson County, Texas, was and is' a certain 175 acres of land out of the E. L. Stickney Survey, Abstract No. 1088, describing same fully and completely by metes and bounds and additionally alleging that such 175 acres was 'the same lands conveyed to Otis Eldredge by L. E. Ford et ux., by deed dated January 16, 1905, recorded in Vol. 162, page 180, Deed Records of Grayson County, Texas, and being the same lands described in a deed from J. E. Eldredge et ux., to John Q. Eldredge, recorded in Vol. 533, page 183, Grayson County Deed Records.' "

Appellee Godwin also plead that John Q. Eldredge and his wife were the owners of the $18\frac{2}{25}$ths interest in the 175 acres of land covered by the contract here, using the same description quoted above.

The attorney who drew the contract testified, without objection by appellant, that all parties told him they knew where the Otis Eldredge farm was, understood the kind of land it was, and knew it was known in the community as the Otis Eldredge farm. They each knew the acreage was 175, and each stated that John Q. Eldredge owned $18\frac{2}{25}$ths interest and that his brother Albert owned a $7\frac{2}{25}$ths interest; also that appellee Godwin at that time had the place leased from the owners. No objec-

tion to the evidence having been interposed at the time it was introduced, the question of pleading was waived. No reversible error being shown in point 3, it is overruled.

For the reasons stated, the judgment below is

Affirmed.