**L. S. PRESSLEY et al., Appellants,**

**v.**

**H. W. SMITH et ux., Appellees.**

No. 12962.

Court of Civil Appeals of Texas.

San Antonio.

March 14, 1956.

Rehearing Denied April 11, 1956.

Evans & Williams, San Antonio, for appellants.

Kelly, Hunt & Cullen, Victoria, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by H. W. Smith and his wife, Irene Smith, against L. S. Pressley and Frank K. Jones, seeking to recover damages suffered by plaintiffs arising out of an automobile and truck collision which occurred on December 20, 1954, on U. S. Highway No. 59, in Victoria County, Texas. Frank K. Jones was operating a dump truck owned by L. S. Pressley on said Highway No. 59, traveling toward the City of Victoria, and Mrs. Irene Smith was driving plaintiffs' 1942 Pontiac Sedan on Highway No. 59, traveling away from the City of Victoria. Frank K. Jones drove his truck from his right side of the road to his left side of the road into the path of travel occupied by the Pontiac and the collision between the truck and the Pontiac followed.

The trial was to a jury and judgment was rendered in favor of plaintiffs against defendants in the sum of $5,000 as found by the jury, for physical and mental pain plaintiff has suffered in the past and will suffer in the future, and in the further sum of $200 for damages to the Pontiac, this amount being stipulated by the parties. From that judgment L. S. Pressley and Frank K. Jones have prosecuted this appeal.

Appellants first contend that Mrs. Irene Smith was guilty of contributory negligence as a matter of law in failing to keep a proper lookout, and in failing to do anything to avert the collision after she should have discovered that her path of travel was blocked by the truck operated by Frank K. Jones.

Appellants base this point upon the contention that when the truck was driven to the wrong side of the road Mrs. Smith was some 125 to 140 feet from the truck, and if she had been keeping a proper lookout she would have discovered the truck in her path of travel and could have averted the collision by applying her brakes or by driving further to her right. There is evidence in the record which would support a finding that Mrs. Smith's Pontiac was some 125 to 140 feet from the truck when it was driven to the left side of the road, but there is other evidence that would support a finding that the collision occurred immediately after the truck was driven to the left side of the road, and that Mrs. Smith did not have sufficient time to do anything before the collision occurred. The truck driven by Frank K. Jones was following another truck. The lead truck stopped at the intersection of Highway No. 59 with Mission Valley Road. Jones was unable to stop his truck and felt compelled to drive to the left side of the road to avert a collision with the lead truck. Mrs. Smith admitted seeing the lead truck stop at the intersection before she entered the intersection, but her testimony is subject to the interpretation that she never saw the second truck until it was driven in front of her at a time when there was nothing she could do to avoid a collision. Mrs. Smith was not guilty of contributory negligence as a matter of law.

Appellants next contend that the court erred in submitting issues to the jury with reference to the discovered peril doctrine. Inasmuch as we have held that Jones was negligent and Mrs. Smith was not guilty of contributory negligence as a matter of law, the question of discovered peril becomes immaterial.

■ Appellants next contend that the court should not have submitted to the jury Issues Nos. 1 and 2, relating to appellant Frank K. Jones operating the truck at an excessive rate of speed just before the collision, because there was no evidence to support an affirmative answer to such issues. We overrule this contention. Frank K. Jones, by his own testimony, stated that he was following the lead truck and was unable to stop his truck in time to avoid a collision with this lead truck when it stopped at the intersection and for this reason he was forced to drive his truck to the left side of the road. This testimony alone would support a jury finding that he was operating his truck at an excessive rate of speed under the circumstances just before the time of the collision, even though the evidence shows that at the time of the collision Jones had stopped, or almost stopped the truck driven by him.

■ Appellants next contend that the judgment in the sum of $5,000, for physical and mental suffering, was excessive. We overrule this contention. The evidence shows that Mrs. Smith was injured about her knees, shoulder and chest, she remained in the hospital for one day; thereafter she was confined to her home where she remained in bed for a week, and subsequently was up and down for a period of two more weeks. Doctor Andrew S. Tomb, a duly qualified physician and surgeon, testified as to her condition, and to her past, present, and probable pain and suffering in the future. Under the evidence, the judgment was not excessive. Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W. 2d 1017; McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710; Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151; Pruett v. Mabry, Tex.Civ.App., 268 S.W.2d 532; Medical & Surgical Memorial Hospital v. Cauthorn, Tex.Civ.App., 229 S.W.2d 932; Union City Transfer v. Adams, Tex.Civ. App., 248 S.W.2d 256.

Appellants next contend that it was error to ask appellant Frank K. Jones whether he had paid a fine for a traffic charge growing out of the collision here involved and securing from him an affirmative answer. The record shows that the following occurred while appellant Frank K. Jones was testifying, to wit:

"Q. All right. Now, then, it is a fact that you were given a ticket for this accident, were you not? A. Yes, sir.

"Q. And you paid a fine? A. Yes, sir.

"Mr. Evans: If the Court please, I am going to object to that. Just a minute. The way to prove a conviction is the order of conviction or judgment of conviction and not by—

"Court: Unless the man himself would know.

"Mr. Evans: Let him ask him if he plead guilty or if he didn't.

"Court: That is what he just asked him.

"Mr. Evans: He made the statement, 'You plead guilty.'

"Court: This is the defendant on the stand, you understand now.

"Mr. Evans: I understand that.

"Q. Frank, you were given a ticket? A. Yes, sir.

"Q. And you paid a fine, isn't that right? A. Yes, sir.

"Q. And do you remember what you were charged with? A. Well, as well as I can remember he charged me for driving too close to another vehicle."

■ It will be noted that the question was asked and was answered by appellant Jones before any objection was made, and after the objection above set out was made, and after the trial court had indicated he felt the evidence was admissible, the question was again asked and answered without further objection. No motion was made to strike the testimony and no reason is shown why objection was not made before the question was answered.

■ Where a question is asked a defendant and he answers it before any objection is made, as a general rule, no reversible error is presented; unless a motion to strike such testimony is made showing good cause why the objection was not timely made. McCormick and Ray on Texas Law of Evidence, §§ 13 and 14, p. 19, and § 18, p. 22; Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., 43 S.W.2d 473; Housing Authority of City of Galveston v. Henderson, Tex.Civ.App., 267 S.W.2d 843; Texas Employers' Ins. Ass'n v. Hicks, Tex.Civ.App., 271 S.W.2d 460; Eldridge v. Godwin, Tex.Civ.App., 263 S.W.2d 598; Penix v. Sloan, 5 Cir., 3 F.2d 258; Hix v. Wirt, Tex.Civ.App., 220 S.W.2d 530; Nelson v. Jenkins, Tex. Civ.App., 214 S.W.2d 140.

Appellants next contend that attorneys for appellees made improper arguments to the jury which require a reversal of this judgment. Appellees were represented at the trial by attorneys James A. Hunt and Joe E. Kelly. Mr. Hunt made the opening argument and Mr. Kelly, the closing argument. The argument made by Mr. Hunt was as follows:

"Mr. Hunt: She wasn't even recovered when she left Dr. Shields. He admitted that. And, of course, nature heals those things, I guess, sometimes, but nature won't heal a 44 year old woman like it would a 14 year old, or young man or woman, and it is our contention that it is now or never with her; this is the only chance she has got to get anything out of this particular collision, what we call an inexcusable collision, out there, and we feel that you ought to keep those things in mind. It is not how much she gets today or tomorrow or the next day, but it is the fact that what she gets this one time is going to be all that she will ever get out of this collision, that she might suffer the rest of her life. Thank you, gentlemen, very much."

The argument made by Mr. Kelly was as follows:

"Mr. Kelly: By the same token, don't be taken in by a bunch of camouflage of 'Oh, well, she is just an old women out there; she bumped her knee and got a sore shoulder and that's all there is to it.' Well, gentlemen, here is the thing: She is a woman 44 years of age; this is the last go-round for her. Now she is the one that suffered from this accident; she is the one suffering."

■ No objection was made to these arguments at the time they were made, and it is clear from the bill of exception and excerpts from the arguments attached to the bill of exception, that, among other things, the attorneys were discussing future suffering for which Mrs. Smith had to be compensated at this time, if at all, and even though her injury became much more serious in the future, all she would get was what the jury allowed her at this time. When the argument is viewed in this light, we are unable to say that it was improper. In any event it was not of such a harmful nature that we are able to say that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, Texas Rules of Civil Procedure; Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

The judgment is affirmed.