R. H. WETZ et al., Appellants,

v.

Clinton VON MINDEN et ux., Appellees.

No. 13355.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 17, 1958.

House, Mercer & House, San Antonio, for appellants.

Threlkeld, Saegert & Saegert, Seguin, for appellees.

W. O. MURRAY, Chief Justice.

This is a street intersection automobile collision damage suit.

R. H. Wetz, Jr., a minor, was driving his father's automobile in an easterly direction along College Street, and Mrs. Mary Lee Von Minden was driving her automobile in a southerly direction along North Bauer Street, in the City of Seguin, Guadalupe County. When the two automobiles reached the intersection of these streets they collided, resulting in both property and personal injury damages.

R. H. Wetz filed this suit, individually and on behalf of his minor son, R. H. Wetz, Jr., against Clinton Von Minden and his wife, Mary Lee Von Minden, seeking to recover damages to his car and for personal injuries sustained by R. H. Wetz, Jr. The Von Mindens answered setting up a cross-action against the Wetzes. The trial was to a jury and, based upon the answers of the

jury, judgment was rendered denying the Wetzes any recovery and awarding the Von Mindens the sum of $4,750, from which judgment R. H. Wetz and his son, R. H. Wetz, Jr., have appealed.

Appellees sought a recovery against appellants based upon the negligent entrustment doctrine. It was alleged that R. H. Wetz, Jr., was a reckless and incompetent driver, and that such fact was known to R. H. Wetz, Sr., at the time he permitted his son to drive his automobile. At the time of the collision, R. H. Wetz, Jr., was sixteen years of age, he held a driver's license, and was using the automobile to convey himself to school.

In attempting to prove that R. H. Wetz, Jr., was a reckless driver, appellees called the witness Joe Rogers, who was the music teacher of R. H. Wetz, Jr., and developed from him, over the objection of appellants, that he had observed young Wetz driving in a reckless manner on several occasions, and had called him into his office and given him a reprimand for his reckless driving. Similar testimony as to the reckless driving of Wetz, Jr., was given by other witnesses. All of this testimony was given on the issue as to whether or not Wetz, Sr., had negligently entrusted his car to his son. On this issue the jury found in favor of Wetz, Sr.

■ Appellants assign various errors alleged to have been committed by the trial court in admitting this testimony, but, inasmuch as the jury found in their favor on the issue of negligent entrustment, they are in no position to here assign error on the admission of this testimony.

■ Appellants were entitled, upon request, to have had the jury instructed to consider this testimony only on the issue of negligent entrustment and not to consider it for any other purpose. This they did not do and therefore appellants are not now in a position to complain that the testimony may have been considered by the jury with reference to negligence issues as to the collision itself. All points relating to the admission of evidence as to the reputation of R. H. Wetz, Jr., as a reckless driver are overruled.

Appellants next complain because the court did not sustain their objections to Special Issue No. 44, which reads as follows:

"From a preponderance of the evidence, what sum of money do you find, if any, paid now in cash will fairly and reasonably compensate Clinton Von Minden for the damage, if any, suffered by him from the injuries to Mary Lee Von Minden, directly and proximately caused by the negligence, if any, of R. H. Wetz and R. H. Wetz, Jr.?"

■ Appellants insist that the name of R. H. Wetz, Sr., should not have been included in this issue, as he was not driving the car and was not even in the car at the time of the collision. The court necessarily prepared its charge and read it to the jury before the jury answered any of the questions, and if the jury had found that R. H. Wetz had negligently entrusted his car to his son then there could be no question about the issue being a proper one. It will be noted that the court inserted the phrase "if any" after the word negligence. This was a proper way to submit this issue and appellants' objection is overruled.

Appellants next contend that the court erred in overruling their motion to disregard the jury's answers to certain issues and enter judgment that neither party recover against the other. This motion was based upon two contentions:

(1) That the undisputed testimony of the appellee Mary Lee Von Minden shows that she, as a matter of law, failed to keep a proper lookout upon the occasion in question, and, as a matter of law, she was guilty of contributory negligence, which was a proximate cause of the accident in question.

(2) That the undisputed evidence shows that Mary Lee Von Minden failed to yield the right-of-way to R. H. Wetz, Jr.

We overrule these contentions.

■ The jury found that Mary Lee Von Minden did not fail to keep a proper lookout, and there is ample evidence to support that finding. Mrs. Von Minden testified that she stopped at the intersection and looked in both directions and then proceeded to cross the intersection; that she did not see anything when she started across. There were no traffic signals or signs at the intersection. It was raining at the time. The evidence shows that Wetz, Jr., turned into College Street from San Marcos Street just one block west of the intersection where the accident occurred. When Wetz, Jr., turned he "gunned" his motor and his tires squealed, and his manner of turning the corner caused the comment by eye-witnesses: "Those crazy teen-age drivers." He turned onto the wrong side of the street. The witness Mrs. Hickle, who turned into College Street right behind R. H. Wetz, Jr., testified that she was traveling about 25 miles per hour, and when she had gone about a half a block, Wetz, Jr., had already hit Mrs. Von Minden. There was a large pool of water on the south side of College Street, near the corner of San Marcos and College Streets, which might have caused Wetz, Jr., to drive to the wrong side of the street. The evidence further shows that Mrs. Von Minden had almost completed crossing the intersection when her car was struck. This evidence was sufficient to support the jury's finding that Mrs. Von Minden did not fail to keep a proper lookout for her own safety.

■ It is true that Wetz, Jr., was approaching the intersection from Mrs. Von Minden's right, and under such circumstances it would be her duty to yield the right-of-way, but where she had entered the intersection first and had almost completed crossing the street, then she had the right-of-way and it became the duty of Wetz, Jr., to yield the right-of-way. The evidence is sufficient to sustain the jury's finding that Mrs. Von Minden did not fail to yield the right-of-way. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Buchanan v. Lang, Tex.Civ.App., 247 S.W. 2d 445; Pure Oil Co. v. Crabb, Tex.Civ. App., 151 S.W.2d 962; Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373.

■ Appellants next contend that the finding of the jury on damages in the sum of $3,450, in answer to Special Issue No. 44, was so highly excessive as to conclusively demonstrate that the jury was motivated by passion and prejudice. We overrule this contention. A medical witness testified that Mrs. Von Minden suffered abrasions and contusions, that she had fractures of the sixth and eighth ribs, and very likely of the rib between, as well as a rib in front, that she was placed in a tape bandage about her chest, that she was probably confined to her home and bed for about four weeks, that the rib injuries would cause extreme pain every time she breathed, for three or four weeks, and that discomfort would persist thereafter. Mrs. Von Minden testified that she received a deep cut on the back of her neck, a surface cut, a very badly bruised left foot, and a number of bruises and scrapes. That her chest was in a bandage for two months, that she remained in bed for ten days and her mother-in-law had to do the housework for her, and that she was confined to her home for two months; that she was in pain for a long time, that the bandages were irritating, and that she did not sleep well. Medical expenses were shown to be $120. In the light of this evidence, the finding of the jury in the sum of $3,450 was not so highly excessive as to demonstrate that the jury in answering Special Issue No. 44 was motivated by passion and prejudice. Pressley v. Smith, Tex.Civ.App., 288 S.W.2d 893; Hines v. Smith, Tex.Civ.App., 235 S.W. 654; Baker v. Corse, Tex.Civ.App., 120 S.W.2d 817. The two cases last cited were decided when the dollar was worth much more than it is today.

The judgment of the trial court is affirmed.