**J. WEINGARTEN, INC., et al.,
Appellants,**

v.

**Herma Lee MOORE, Appellee.**

**No. 15474.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 8, 1969.

Rehearing Denied May 29, 1969.

Vinson, Elkins, Searls & Connally, B. Jeff Crane, Jr., Raybourne Thompson, Jr., Houston, for appellants.

Helm, Jones & Pletcher, George E. Pletcher, Houston, for appellee.

COLEMAN, Justice.

This is a suit for damages brought by an employee against a managerial employee and her employer, a non-subscriber under the Workmen's Compensation law of the State of Texas. The trial court entered a judgment for the plaintiff pursuant to a jury verdict. It is appellants' primary contention that there is no evidence of negligence on the part of the appellants, and that the trial court should have instructed a verdict in favor of them.

Herma Lee Moore had been employed by J. Weingarten, Inc. as a grocery checker for more than a year at the time she sustained the injury for which she seeks damages. Some days or weeks prior to the accident a new check-out counter was installed in the store where she worked. A cash register was on a stand to the side of the counter. Appellee stood behind this cash register. On the counter at her side the customers placed the groceries they desired to purchase. The counter extended back past the cash register and the groceries were moved within reach of the checker by a conveyor belt. At the side of the checker a two-foot section of the counter was cut out, and sacks were placed in this "well". After the checker rang up the price of an article on the cash register, she would place it in one of the sacks. If an article was too bulky to be placed in the sacks, the checker had to lift it over the opening to the counter behind the well. When a large number of people were in line waiting to get their groceries checked, a porter would be assigned to place the groceries in the sacks. At these times the opening in the counter would be covered. The cover could not be placed over the opening without the express permission of the manager. There was not enough room behind the cash register for a helper so that if the checker needed help in lifting groceries the porter would have to work from the area used by customers. After the groceries were checked, the checker would lift the sacks up to the back counter.

On October 16, 1963, a customer purchased a 25-pound sack of sugar. While 25-pound sacks of sugar were regularly stocked, they were sold rather infrequently. Mrs. Moore did not remember ever having handled one before. The sugar was never sacked, but had to be lifted across the opening in the counter. Mrs. Moore had complained to the manager that it was to hard to lift heavy sacks from the sack well and across the opening. On this occasion she bent over and lifted the sack and then twisted around and tossed it across the opening onto the back part of the counter. In the course of this movement she injured her back.

In response to the special issues submitted the jury found: (1) Mrs. Moore's job required her to lift a 25-pound sack of sugar across the opening in the check-out counter; that this job requirement was negligence and a proximate cause of the injuries suffered by Mrs. Moore; (2) the designing of the check-out counter by J. Weingarten, Inc. in such a manner as to have a "sack well" was such as to subject Mrs. Moore to excessive strain in the performance of her duties, which was negligence and a proximate cause of her injury; and (3) J. Weingarten, Inc. and its agents failed to give Mrs. Moore proper instructions as to the manner of lifting required of her in the method of checking employed by J. Weingarten, Inc., which failure was negligent and a proximate cause of the injury suffered by Mrs. Moore.

Appellant J. Weingarten, Inc. contends that there is no evidence to sustain the jury's answers to these issues and that the trial court erred in submitting them to the jury and in failing to sustain its motion for an instructed verdict for the reason that there is no evidence that J. Weingarten, Inc. was negligent in any respect. Appellant Paul W. Jones contends that there is no basis under the jury verdict for the rendition of a judgment against him.

 Appellants' points are "no evidence" points, and in passing on such points this Court must consider only the evidence supporting the verdict and the undisputed facts. Mr. Falcone, who occupied a managerial position with J. Weingarten, Inc., testified that the checkers were instructed to sack the groceries unless he gave them specific instructions to the contrary. The checkers were not permitted to place the cover over the sack wells without direct instructions to do so. Heavy, bulky objects such as 25-pound sacks of sugar, cartons or cases of soft drinks, or sacks of charcoal were not sacked, but had to be lifted over the sack well to the rear portion of the check-out counter. Mr. Jones was administrator and director of the customer Employee Insurance Service division of J. Weingarten, Inc., and acted as safety man at the time of the accident. He testified that the checkers were instructed to call for a porter anytime they had any items they felt they couldn't handle, but that he did not feel that a 25-pound sack of sugar was too much of a load for a lady checker. There were no porters specifically assigned to assist with the handling of groceries at the check-out counters. At times there would be no more than one porter in the store. The sack well would usually be covered and porters assigned to assist the checkers when the store was very busy. It was necessary to ask the lady at the bottle booth to get a porter if help was needed. There is evidence from which an inference could be drawn that the lifting of the 25-pound sack of sugar over the sack well was a job requirement as found by the jury.

The evidence is that the counter was waist high. The checker customarily faced the cash register and was required to bend from the waist and reach forward to pick up an item. She then would either twist around or shift her feet in order to move the item over the sack well to the back part of the counter. Appellee was lifting and twisting around in an effort to pitch the sack of sugar over the sack well when she sustained injuries to her back. There is evidence that most of the employees receiving injuries were injured while lifting. The evidence is sufficient to raise the negligence and proximate cause issues. There is no direct testimony that lifting a 25-pound sack of sugar while bent over and "twist(ing) around to throw it", subjects one to an excessive strain. However, the probability that excessive strain will result from the handling of relatively heavy objects in the manner related is known to persons of ordinary experience. The testimony shows the store had previously operated with a different type of check-out counter having no sack well, which eliminated lifting and twisting from an awkward position. The evidence is sufficient to raise the issues of fact relating to the design of the check-out counter.

Appellants argue that appellee was the best judge of her physical capabilities and that no negligence is shown merely because a portion of her duties required that she lift a grocery item across the sack well since if she felt that the sack of sugar was too heavy, she could have requested and obtained assistance. They rely on the rule stated in Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977 (1947): "The employer is not liable when he has provided help and injury results from the act of the employee in voluntarily proceeding to do the work without assistance. The same is true when sufficient help is nearby and available and the employee does the work alone without seeking or asking for assistance."

This rule has been applied in a number of cases. Jackson v. Marshall, 243 S.W.2d 205 (Dallas, Tex.Civ.App.1951); Shumake

v. Great Atlantic & Pacific Tea Company, 255 S.W.2d 949 (Dallas, Tex.Civ.App.1953, writ ref., n.r.e.). In each of these cases the employee voluntarily proceeded to do the work causing the injury alone when help was available. In this case the jury might reasonably have believed that Mrs. Moore was expected to handle 25-pound sacks of sugar alone, and that help was not available with reference to such an article.

Appellants also point to Great Atlantic & Pacific Tea Company v. Evans, 142 Tex. 1, 175 S.W.2d 249 (1943), holding that an employee cannot complain if an employer merely requires an employee to do the usual and customary work required of persons in his line of employment, or required by the character of the business in which he was employed. There is no evidence that a grocery checker was required to work under the conditions required of appellee at any other store.

In the Evans case the Supreme Court sets out the rules of law to be followed in testing the question of negligence vel non:

"Negligence rests primarily upon two elements: (a) reason to anticipate injury, and (b) failure to perform the duty arising on account of that anticipation. Collins v. Pecos & Northern Texas Ry. Co., 110 Tex. 577, 212 S.W. 477, 222 S.W. 156; Johnson v. Wichita Valley R. R. Co., Tex.Civ.App., 104 S.W.2d 128.

"Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor. 30 Tex.Jur. p. 663, and authorities there cited; Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex. Com.App., 37 S.W.2d 126."

Tested against the common experience of mankind, the evidence is sufficient to raise issues of fact as to negligence on the part of J. Weingarten, Inc. in the particulars discussed. Collins v. Pecos & N. T.

Ry. Co., 110 Tex. 577, 212 S.W. 477 (1919).

Finally, the jury found negligence in the failure of appellants to give appellee proper instructions as to the manner of lifting required of her in the method of checking employed by J. Weingarten, Inc. There is testimony that no instructions were given. In Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397 (1934), the Supreme Court stated that the duty to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of their positions and employment was an absolute or nondelegable duty. An ordinarily prudent person in the exercise of ordinary care might well have realized that there was danger in lifting a heavy object while bent over in an awkward position, and that the danger of injury would be increased by twisting the body around while conveying such an object. That the design of the check-out counter would result in the adoption of this method of moving the heavy objects over the sack well reasonably could have been foreseen, and could have been guarded against by the adoption of suitable rules and regulations. There is sufficient evidence to charge J. Weingarten, Inc. with a duty to instruct appellee as to the manner in which she could perform her duties safely; that it negligently failed to give her such instructions; and that this negligence was a proximate cause of appellee's injuries.

▮ Appellants urge that the trial court erred in admitting into evidence over their objection certain safety posters. These were colored picture posters illustrating methods of lifting deemed proper and those deemed dangerous.

After Wanda Green, another checker employed by J. Weingarten, Inc., had testified that she didn't remember being called in for safety meetings, or being "conferred with" by a safety manager, or being "counseled on" safety matters, she testified that they did send out safety bulletins. Appar-

ently counsel for appellee then showed her one or more of the posters and asked if she had seen "anything of this nature, for example". An objection was made on the basis of "this" being wholly immaterial and irrelevant and hearsay. After an unreported conference at the bench, the objection was overruled. The court then required each of the posters to be marked for identification. Appellants renewed their objection and the court stated: "Defendant having taken the position this procedure, or use of the safety posters would be impractical, the court overrules the objection. The witness may answer." The witness was then asked: "You have never seen any of this matter at Weingarten's in the years you have been there?" No further objection was made and the witness answered: "No." There were further questions asked of the witness emphasizing the necessity of reaching and lifting when the sack well was in use, followed by the question: "And you never saw anything of this nature?" To which question the witness, without further objection, answered, "No." After further questions concerning the activity of a checker in reaching and lifting and twisting while the sack well was in use, the posters were offered into evidence. The court stated: "They have been received." No objection was made at this time.

Appellants' objection went to the matter of questioning a witness with reference to the posters. The objection that the question and answer given were immaterial, irrelevant and hearsay was not good and did not bring a proper ground for objection to the attention of the trial judge. No objection is found in the record to the admission of the posters into evidence. While it may be that the question of the propriety of admitting the posters into evidence was discussed at the unreported conference at the bench, and at that time the court may have indicated his view on the question, the record as it is presented to us does not show reversible error. The record does not reflect that the posters were ever viewed by the jury prior to their having been offered into evidence, and they were not read to the jury. The action of the court in overruling the objection made could not have been harmful at the time the ruling was made since the trial court might have excluded them from evidence. While the posters should not have been admitted over proper objection, the record does not reflect reversible error. Burkitt v. Broyles, 317 S.W.2d 762 (Tex.Civ.App., 1st Dist., 1958, writ ref., n.r.e.); Pressley v. Smith, 288 S.W.2d 893 (San Antonio, Tex.Civ.App.1956, writ ref., n.r.e.); Alamo Cas. Co. v. Stephens, 259 S.W.2d 729 Austin, Tex.Civ.App.1953, writ ref., n.r. e.); State of Texas v. Landers, 377 S.W. 2d 777 (Tyler, Tex.Civ.App.1964); Howell v. Bowden, 368 S.W.2d 842 (Dallas, Tex. Civ.App.1963, writ ref., n.r.e.).

■ Appellee contends that the assignments of error in appellants' motion for a new trial are too general to justify this Court in considering the points of error based thereon. These points state that the trial court erred in submitting a specified special issue to the jury "over the timely and proper objection of the defendant" without stating any specific objection. Such a point of error does not distinctly set forth the ground of error and fails to comply with Rules 320, 321, 322 and 374, Texas Rules of Civil Procedure. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Dudley v. Whatley, 400 S.W.2d 773 (Tex.Civ.App., 1st Dist., 1966, writ ref., n.r.e.).

The motion for new trial also states that the court erred in overruling and failing to sustain the defendants' motion for an instructed verdict. The grounds set out in the motion for instructed verdict were not stated in the motion for new trial. In Wagner v. Foster, supra, the Supreme Court stated: "Assignments of error in a motion for new trial which do no more than adopt from or refer in general terms to other motions, etc. do not 'specify', or 'distinctly set forth', or 'clearly identify' a ground of error." This assignment of error is insufficient as a basis for the points

of error presented in appellants' brief. Garza v. Alviar, 395 S.W.2d 821 (Tex. 1965).

By failing to set forth distinctly in its motion for new trial the points of error relied on in this appeal, appellant J. Weingarten, Inc., has waived these points. Rule 374, T.R.C.P.; Houston Belt & Terminal Co. v. J. Weingarten, Inc., 421 S.W.2d 431 (Tex.Civ.App., 1st Dist., 1967, writ ref., n. r.e.).

The points in the motion for new trial complaining of the admission into evidence of the posters were also general and failed to set forth the ground of error distinctly. There is no point specifically complaining of the action of the court in entering judgment against Paul W. Jones.

The judgment of the Trial Court is affirmed.